I agree that the trial court's judgment granting the father's modification petition should be affirmed. However, I write to point out that the father had the burden to prove that a change in custody would materially promote the best interests of his children and that the benefits of this change in custody would more than offset the inherently disruptive effect of a change in custody. Ex parte McLendon, 455 So.2d 863, 865 (Ala. 1984).
In this particular case, the application of theMcLendon standard is tricky. The parents resided together with the children under the same roof for approximately one and a half years after the divorce. Although the mother was awarded primary physical custody under the parties' divorce agreement, the parties truly had joint custody — more so than any other divorced parents. The evidence shows an informal, perhaps tacit, *Page 493 
agreement that the father provide the housing and care for his children. However, our supreme court has stated that an informal "arrangement itself [can] not constitute a waiver on the mother's part of her right to preference under the divorce judgment." Ex parte Bryowsky, 676 So.2d 1322, 1325 (Ala. 1996).
Thus, the initial award of primary physical custody to the mother in this case requires the application of theMcLendon standard to the father's petition for modification. Therefore, the father did have the burden of proving that a change in custody, which in this case was purely a matter of ink on paper, would benefit the children and that the "disruption" of that change would be offset by that benefit. He proved that the children were well-cared for while under his care. He also proved that the children were in a comfortable routine and that a "return" to the mother's custody would disrupt the children's lives.
An informal arrangement regarding custody, like the one in this case, can be considered by the trial court in making a decision on a modification petition. See Bryowsky, 676 So.2d at 1325. The supreme court stated that "the nature of that arrangement and its impact on the child[ren] would be factors to be considered in determining whether a transfer of custody from the mother to the father would materially promote the child[ren's] welfare." Id. The trial court, then, was free to consider the reality of the situation — that the children had been living in the father's home and that one child had been attending that neighborhood's school for at least two years at the time of the hearing. The trial court did so and determined that the children's interests would be best served by granting custody to the father. As the majority states, that decision should not be disturbed on appeal because the mother has failed to show that the evidence does not support it.